USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 10-25-13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, Individually on Behalf of Itself and All Others Similarly Situated, | : | |
| Plaintiff, | : | No. 13. CIV. 0933 |
| v. | : | |
| ALTERRA CAPITAL HOLDINGS LIMITED, W. MARSTON BECKER, MICHAEL O'REILLY, JAMES D. CAREY, MERYL D. HARTZBAND, WILLIS T. KING, JR., JAMES L. ZECH, MARIO P. TORSIELLO, K. BRUCE CONNELL, JAMES H. MACNAUGHTON, W. THOMAS FORRESTER, STEPHAN F. NEWHOUSE, ANDREW H. RUSH, MARKEL CORPORATION, and COMMONWEALTH MERGER SUBSIDIARY LIMITED, | : | |
| Defendants. | : | |

**~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT**

**WHEREAS,** the Court has reviewed and considered the terms and conditions of the Stipulation and Agreement of Compromise and Settlement dated June 20, 2013 (the "Agreement") that has been entered into by and between the Louisiana Municipal Police Employees Retirement System ("Plaintiff"), on behalf of itself as well as members of the Settlement Class (as defined below), and defendants W. Marston Becker, Michael O'Reilly, James D. Carey, Meryl D. Hartzband, Willis T. King, Jr., James L. Zech, Mario P. Torsiello, K. Bruce Connell, James H. Macnaughton, W. Thomas Forrester, Stephan F. Newhouse, Andrew H. Rush, Alterra Capital Holdings Limited ("Alterra"), Markel Corporation, and Commonwealth

Merger Subsidiary Limited (collectively, the "Defendants," and collectively with the Plaintiff, the "Parties"), and held a fairness hearing on October 25, 2013, with notice of the hearing having been given in accordance with the Court's Order dated ~~October~~ August 5, 2013 and considered all of the submissions and arguments with respect to Plaintiff's Motion for Final Approval of the Settlement, and having ruled on the motion;

**NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Capitalized terms herein have the same meaning as they are given in the Agreement.

2. The prerequisites to a class action set forth in Rule 23(a) of the Federal Rules of Civil Procedure are satisfied, that Plaintiff is an adequate representatives of the Settlement Class, and that the Action properly may be maintained as a non-opt-out class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure.

3. The Court certifies a non-opt-out Settlement Class consisting of all record holders and beneficial owners of Alterra common stock who held such stock at any time during the period beginning on and including December 19, 2012, through and including May 1, 2013 including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns or transferees, immediate and remote, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees. Excluded from the Settlement Class are the Defendants and their respective immediate family members, directors, partners, direct or

indirect parent or subsidiary entities, and any other Person over whom or which any Defendant exercises sole or exclusive control.

4. The Court approves the Settlement, and all transactions preparatory or incident thereto, as fair, reasonable, adequate and in the best interests of the Settlement Class Member. The Court authorizes and directs performance of the Settlement in accordance with all of its terms and conditions.

5. The above-captioned action (the "Action") is hereby dismissed, with prejudice and without costs, as against the Plaintiff and the Settlement Class Members. All Released Claims against all Defendant Releasees and all Plaintiff Releasees are hereby extinguished.

6. Plaintiff's motion for an award of attorneys' fees and expenses is approved. Alterra (or its successor, insurers or reinsurers) shall pay or cause to be paid $340,000.00 of such fees and expenses within ten (10) business days after notice of entry of the Court's order approving the Settlement. Except as otherwise specifically provided by the Settlement Agreement or ordered by the Court, the Parties shall each be responsible for his, her, or its own costs, attorneys' fees, and expenses.

7. The Court reserve jurisdiction over the Action, without affecting the finality of this Order and Final Judgment, with respect to all matters relating to the administration, consummation, construction and enforcement of the Settlement.

Signed this 25 day of October, 2013

Andrew L Carter Jr

Judge Andrew L. Carter, Jr.
United States District Judge